The condition of the bond of the defendants in this case required the defendant, Charles B. Peddie, to do several acts specified in an agreement accompanying the bond, the damages for the non-performance of some of which could not be measured by any exact pecuniary standard, but as to others the damages were certain and could be easily ascertained by a jury; and the bond declares that if the defendant, Charles B. Peddie, should violate any of the covenants in the agreement mentioned, the defendants should *Page 476 
pay $3000 liquidated damages. This is a case, therefore, where, within the authorities, the sum stipulated to be paid as damages must be considered as a penalty, and not as liquidated damages. The law on this subject, in my opinion, is correctly laid down by Judge SANDFORD in the court below. (5 Sandf. S.C.R., 192.)
The judgment should be affirmed.
BOWEN, J., concurred in this opinion; COMSTOCK, J., expressed no opinion; all the others concurring with SHANKLAND, J.,
Judgment reversed and new trial ordered.